# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) ) ) | **MDL 2804** |
| **THIS DOCUMENT RELATES TO:** ) ) | **Case No. 1:17-md-2804** |
| *Case Nos:* ) | **Judge Dan Aaron Polster** |
| 18-op-45579 ) | **ORDER DENYING PUBLIX'S** |
| 18-op-45690 ) | **MOTION TO ENFORCE COURT** |
| 18-op-45736 ) | **ORDER** |
| 18-op-45873 ) | |
| 20-op-45272 ) | |
| 22-op-45018 ) | |

On March 13, 2025, without leave of Court,[1] Publix filed a Motion to Enforce the Court's Orders and Dismiss "Zero-Percent Market Share" Claims. Docket no. 6019.[2] The PEC filed a Response. Docket no. 6079. Publix filed a Reply. Docket no. 6122. For the reasons stated below as well as those provided in the PEC's Response, Publix's Motion is **DENIED**.

In support of its Motion, Publix asserts that: (1) "Plaintiffs' complaints allege distribution-only claims," Reply at 4; (2) "Publix had no pharmacies [in the relevant jurisdictions] during the

---

[1] The Court now corrects a specific misunderstanding in Publix's Reply. Publix asserts the Court broadly lifted the moratorium on substantive filings. Reply at 11 (citing docket no. 5455). That is incorrect. The Court lifted the moratorium for the limited purpose of allowing plaintiffs one final opportunity to seek leave to amend their complaints, which they did. *See* docket no. 5455 ("the Court will lift the moratorium to permit plaintiffs to move to amend their complaints"). Publix cites a motion to dismiss filed by Noramco, Inc. as evidence that the moratorium was lifted more broadly. That motion, however, was specifically authorized by the Court's TPP Bellwether Case Management Order. *See* docket no. 5815-1 at 1. Publix also cites a motion to dismiss filed by Discount Drug Mart. That motion, too, was expressly authorized by a prior Court order regarding service of process failures. *See* docket no. 4986 at 5–6. The Court now clarifies that its moratorium remains in place, and that leave must still be sought before making substantive filings.

[2] Publix separately filed a brief in support of its motion. Docket no. 6020. Citations to "Motion" in this Order are to Publix's brief in support, docket no. 6020, unless otherwise indicated.

period covered by the ARCOS data ([and thus had no market share in those jurisdictions]),"[3] Motion at 1; and (3) "[t]he Court ordered the parties to identify cases in which pharmacy-defendants 'have zero market share' and to dismiss those claims with prejudice." Motion at 2 (citing Apr. 7, 2021 Hearing Tr. at 6:6–11 (docket no. 3685)). Publix then concludes that, because these cases have not been dismissed, Plaintiffs have failed to comply with this Court's orders. Accordingly, Publix seeks dismissal from the above-captioned cases.

While it may be true that the ARCOS database shows no distribution market share for Publix in these plaintiffs' jurisdictions (though, the PEC contests the veracity of that claim, *see* Response at 6), Publix's argument ignores the realities of the litigation in this MDL. Every bellwether case against any pharmacy defendant since Track 1-B has included dispensing allegations and claims.[4] The Court sees no reason, and Publix does not supply one, why plaintiffs in the above-captioned cases would not also attempt to pursue dispensing claims when or if the time comes to litigate these cases.[5] Whether plaintiffs would be permitted to pursue those claims would be the subject of a Rule 12(b) motion, or perhaps a Rule 15 motion, but in either case, that question is not presently before the Court because all of these cases are currently stayed.

---

[3] The ARCOS database contains only distribution data (the movement of pills from manufacturer to distributor to pharmacy) and does not track to whom those pills were dispensed. In other words, the ARCOS database does not contain any dispensing data. Still, plaintiffs supply statistics showing they likely have a factual basis for amending their complaints to state dispensing claims. *See* Response at 6–7.

[4] For example, Publix's current bellwether case (*Cobb County v. Purdue Pharma L.P. et al*, case no. 1:18-op-45817 (N.D. Ohio)) ("Track 8") includes dispensing claims. *See* docket no. 3787 (*Cobb County* amended complaint). Further, although the above-captioned cases are not among those seeking to add Publix as a defendant, the other MDL plaintiffs' pending motion for leave to amend their respective complaints to add Publix all include dispensing allegations and claims. *See* docket no. 5570.

[5] If any of the above-captioned cases are ever chosen as a bellwether, that plaintiff would be permitted to— and almost certainly would—amend its complaint to include dispensing-related allegations and claims against Publix. *See* docket no. 5319 at 3 ("the Court specifically provided early in this MDL that amendment would be allowed if the cases were chosen as bellwethers. The Sixth Circuit explicitly rejected a challenge to that mechanism.").

Regardless, the Court agrees with the PEC's recitation of facts and procedural history in its Response and is satisfied that the PEC adequately complied with its orders. Therefore, there is no basis for Publix's requested relief. Accordingly, Publix's Motion to Enforce Court Order is **DENIED**.

       **IT IS SO ORDERED.**

       <u>/s/ Dan Aaron Polster  April 30, 2025</u>
       **DAN AARON POLSTER**
       **UNITED STATES DISTRICT JUDGE**